Caruthers, J.,
delivered the opinion of the Court.
This is an action of ejectment, brought by the heirs of Thomas 'Henderson, the grantee, for six hundred and forty acres of land in Obion county. The defence rests upon a deed from the tax-collector, in pursuance of a sale made by him for the taxes; and the only question in the case arises upon the ruling of the Court in relation to that sale. The question is thus presented in the bill of exceptions: “ The plaintiffs then offered to read the advertisements of tax sales, under which defendant bought the lands, to show that the description given in the advertisement did not sufficiently describe the land, which was in the words following, to wit, ‘Thomas Henderson, 640 acres in district No. 9, valued at $640 —double tax, $5 44J; sheriffs’, clerks’, and printers’ fees, $4.’ The Court decided that the irregularity of the sale could not be shown .... unless the plaintiffs first showed that the taxes had been duly paid on the land; and that not being done, the evidence was ruled out.”
We held in Tharp vs. Hart, 2 Sneed, 570, that the validity of the judgment and order o.f sale in tax sales *472 could not be impeached, unless it were first shown that the taxes had in fact been paid before the judgment of condemnation. We were forced to this conclusion, as we then thought and still think, by the act of 1844, ch. 92, Nich. Sup., 259. By that act, the “judgment and order of sale” are made “conclusive,” until it be shown that the taxes were “duly paid.” In the first section, the recitations in the sheriff’s deed of the facts essential to the validity of the proceedings, are made prima facie evidence of the existence of such facts. Among these is, “that the sale of the land was duly advertised.” But in relation to the “judgment and order of sale,” part of the facts recited, the deed shall be “conclusive,” unless, etc. This does not expressly embrace the advertisement and sale: the same conclusive effect is not given to that part of the proceedings in tax sales. So as to that part of the case, the tax title is not shielded by this act against attacks. The advantage of being regarded as prima facie is given to it, but that is all. There is, perhaps, good reason for the distinction. The judgment and order of sale are acts of the Court, and the report and all previous steps pass under the inspection of the Court. Not so with the subsequent proceedings— the advertisement and sale. Before that act, all the proceedings were open to attack, without any condition or limitation; and by it, we think, upon a fair construction, the law is only changed so far as to make the judgment and order of sale, and of course all previous proceedings, conclusively correct, unless it be shown the taxes were paid anterior to such judgment, and upon that condition alone te be open to assault for any irregularities. But we have decided at the present term that this pro *473 tection does not extend to judgments given by a Court having no jurisdiction of the subject-matter, such as a Court of one county giving judgment against lands in another.
We think his Honor erred in extending his protection or giving conclusive effect to the proceedings after judgment. The law, as to the acts of the sheriff in advertising and selling, is not changed in this respect by that act.
Reversed.